UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.A.,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                    Respondents. | Case No.:  25-cv-2384-RSH-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner N.A. seeks habeas relief from this Court pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, an Iranian national, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶¶ 1, 18.

This case presents the straightforward question of whether Petitioner's detention is lawful under the statute that Respondents invoke to justify that detention, 8 U.S.C. § 1225(b)(1)(B)(ii). The Court determines that her detention is not authorized by that statute, and therefore grants the petition.

//

## I.  BACKGROUND

On September 13, 2025, Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the lawfulness of her detention. ECF No. 1. Petitioner names as respondents the warden of the detention center, the Director of ICE's San Diego Field Office for Enforcement and Removal, the Acting Director of ICE, and the Secretary of the U.S. Department of Homeland Security ("DHS").

Petitioner alleges that she entered the United States on October 29, 2024. *Id.* ¶ 2. She was encountered that day by Border Patrol near Jacumba, California, and admitted that she had crossed into the United States from Mexico and lacked legal entry documents. ECF No. 4-1 at 3–5 (DHS Form I-213 describing circumstances of encounter).[1] She was arrested, taken into custody, and placed in full removal proceedings pursuant to 8 U.S.C. § 1229a. ECF No. 1 ¶¶ 2–3. DHS issued a Notice to Appear charging her with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), which provides that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." ECF No. 4-1 at 7. Petitioner was ordered to appear before an immigration judge for her next hearing. *Id.* She was released on her own recognizance pursuant to 8 U.S.C. § 1226, and signed an acknowledgement of the conditions of her release on DHS Form I-220A. ECF No. 4-1 at 11.

Petitioner asserts that after she was initially arrested and charged with removability, she duly attended every immigration court hearing. ECF No. 1 ¶ 4. On or about January 29, 2025, she filed a DHS Form I-589 Application for Asylum, Withholding of Removal, and protection under the Convention Against Torture; she filed a revised application on or about March 7, 2025. *Id.*

Petitioner states that at an immigration court hearing on July 15, 2025, after having

---

[1]  All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

been placed in full removal proceedings and released on her own recognizance over eight months prior, counsel for DHS moved to dismiss the removal proceedings against her. *Id.* ¶ 22. DHS agents immediately took her into custody. *Id.* DHS issued a Notice of Expedited Removal, which recited that pursuant to 8 U.S.C. § 1225(b)(1), DHS has determined that Petitioner is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which provides that "any immigrant at the time of application for admission … who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter … is inadmissible." ECF No. 4-1 at 15–16.

Petitioner states that on or about July 29, 2025, over her opposition, the immigration court granted DHS's motion to dismiss her initial full removal proceedings, such that she remained subject only to expedited removal proceedings. ECF No. 1 ¶¶ 78, 79.

On August 28, 2025, DHS—through an asylum officer working with U.S. Citizenship and Immigration Services—conducted a credible fear interview with Petitioner and found her testimony credible. *Id.* ¶ 79. As a result of that finding, Petitioner was once again placed in full removal proceedings pursuant to 8 U.S.C. § 1229a, effectively terminating her expedited removal proceedings. DHS served Petitioner with a new Notice to Appear charging her with inadmissibility under both grounds previously cited, 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 4-1 at 23.

Petitioner has remained in DHS custody since her re-arrest on July 15, 2025. *Id.* ¶¶ 22, 81. She continues to pursue her request for asylum and other relief in immigration court.

The Parties have fully briefed the merits of the Petition. *See* ECF Nos. 1, 4, 6, 7.

## II.   LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

//

## III. ANALYSIS

### A. Jurisdiction

Respondents challenge this Court's subject matter jurisdiction on several grounds.

First, Respondents argue that Petitioner's claims "arise from her placement in expedited removal proceedings," but that such claims are now moot because "Petitioner is no longer in expedited removal proceedings" but rather is in proceedings under 8 U.S.C. § 1229a in which she "has the opportunity to present her asylum claim … directly to an immigration judge in a formal hearing." ECF No. 4 at 7. However, as Petitioner states in her traverse, she "does not challenge the expedited removal process but rather challenge[s] her ongoing detention in Respondents' custody." ECF No. 7 at 9; *see also id.* at 10 (stating that Petitioner "does not challenge Respondents' decision to initiate expedited removal"). The Court construes the Petition as challenging only the lawfulness of Petitioner's ongoing custody, a controversy that is not moot since Petitioner remains in custody.

Second, Respondents argue that "the Court should deny Petitioner's response to the extent she asserts claims regarding the termination of her 1229a proceedings and placement into expedited removal proceedings, because such claims do not challenge the lawfulness of her custody." ECF No. 4 at 8. Again, in light of Petitioner's statements in the traverse, the Court construes the Petition as challenging only the lawfulness of her ongoing detention.

Third, Respondents argue that the Petition is barred by various provisions of 8 U.S.C. § 1252. *Id.* at 9–15.

Subsection (g) of that statute provides that, except as otherwise provided in 8 U.S.C. § 1252, and notwithstanding any other provision of law including 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue that "Petitioner's claims stem from her detention during removal proceedings," and that such detention in turn "arises from DHS's decision to commence

such proceedings against her." ECF No. 4 at 12. Respondents contend that her challenge cannot be brought through a habeas petition, but must instead be brought through 8 U.S.C. § 1252(b)(9), which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Respondents observe that here, there is not yet a "final order" of removal that is subject to judicial review; and that another provision, 8 U.S.C. § 1252(a)(5), states that the sole means for judicial review of such an order will be through a petition for review filed with an appropriate court of appeals. In other words, according to Respondents, "Petitioner's claims would be more appropriately presented before the BIA and Ninth Circuit" after the issuance of an order of removal. ECF No. 4 at 12.

The Supreme Court has interpreted the jurisdiction-limiting provision in 8 U.S.C. § 1252(g) provisions narrowly, restricting it "only to three discrete actions that the Attorney General may take": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." *Id.*

In a later decision involving a habeas petition, the Supreme Court likewise narrowly interpreted the similar "arising from" language in 8 U.S.C. § 1252(b)(9), holding that that language would not be construed "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Consistent with this narrow interpretation, the Supreme Court held that Section 1252(b)(9) did not bar the detainee in *Jennings* from using habeas to challenge the legality of his detention. *Id.* at 294–95. *See also Flores-Miramontes v. INS*, 212 F.3d 1133,

1139 (9th Cir. 2000) (stating that § 1252(b)(9) "does not affect petitions for habeas corpus").

The same applies here. Petitioner challenges the legality of her detention and specifically disclaims challenging Respondents' decision to initiate expedited removal proceedings. ECF No. 7 at 9, 10. The Court concludes that Petitioner's claim is not barred by 8 U.S.C. § 1252(g) or (a)(5).

Respondents argue in the alternative that Petitioner's claims are barred by another provision within the same section, 8 U.S.C. § 1252(a)(2)(A), because Petitioner is challenging the "standards and process of expedited removal proceedings." ECF No. 4 at 13. As the Ninth Circuit has explained, that section's "general prohibition on judicial review covers the 'procedures and policies' that have been adopted to 'implement' the expedited removal process; the decision to 'invoke' that process in a particular case; the 'application' of that process to a particular alien; and the 'implementation' and 'operation' of any expedited removal order." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1155 (9th Cir. 2022). In that case, the Ninth Circuit determined that 8 U.S.C. § 1252(a)(2)(A) applied to bar the petitioner's habeas challenges to his expedited removal order, including determinations by an asylum officer and an immigration judge that the petitioner failed to establish credible fear. *Id.*

Here, in contrast, there is no order of expedited removal, and as Respondents assert, "Petitioner is no longer in expedited removal." ECF No. 4 at 7. Petitioner is not challenging the merits of a removal order, challenging her removability, or anticipatorily seeking relief from removal. She disclaims challenging the decision of DHS to initiate expedited removal proceedings. The Court construes the Petition as challenging only the lawfulness of Petitioner's detention, rather than challenging the "standards and process of expedited removal proceedings." Respondents have not cited any case that invokes 8 U.S.C. § 1252(a)(2)(A) to limit consideration of a noncitizen's challenge to her detention. The Court concludes that 8 U.S.C. § 1252(a)(2)(A) does not bar the Court from considering this

limited claim on the grounds set forth in the discussion of the merits below.[2]

### B. Merits

Respondents assert in their return that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). ECF No. 4 at 17, 18. Petitioner disputes that she is lawfully detained under this provision. The mandatory detention provision at issue falls within 8 U.S.C. § 1225(b)(1), entitled, "Inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." Petitioner argues, in essence, that she falls into neither category referenced in this title—she is *not* an arriving alien, and she *has* been paroled.

Noncitizens are potentially subject to expedited removal if they are inadmissible on the grounds that they either lack proper entry documents (under 8 U.S.C. § 1182(a)(7)) or made a misrepresentation in applying for admission (under 8 U.S.C. § 1182(a)(6)(C)). *See* 8 U.S.C. § 1225(b)(1)(A)(i), (ii). The Parties do not dispute that the former ground, lack of entry documents, applies to Petitioner.

//

---

[2] *See, e.g.*, *Padilla v. U.S. Immigr. and Customs Enf't*, 704 F. Supp. 3d 1163, 1170 (W.D. Wash. 2023) ("[T]he Court continues to find that § 1252(a)(2)(A) has no application to Plaintiffs' claims. This provision only applies to the procedures and policies necessary to implement the removal process. Here, Plaintiffs' bond hearing claims do not challenge the removal process—just whether they should be afforded a bond hearing ….") (internal citation omitted); *Co Tupul v. Noem*, No. CV-25-2748-PHX-DJH (JZB), 2025 WL 2426787, at *2 n.4 (D. Ariz. Aug. 4, 2025) ("The Supreme Court has confirmed that the jurisdictional bar under Section 1252(a)(2)(A) is 'aimed at protecting the Executive's discretion from the courts.' Whether an individual physically present in the United States for more than two years is eligible to be placed in expedited removal proceedings is not a matter of discretion. Judicial review of such decision, therefore, is not barred by Section 1252(a)(2)(A).") (quoting *Reno*, 525 U.S. at 486); *Mata Velasquez v. Kurzdorfer*, No. 25-CV-493-LJV, 2025 WL 1953796, at *7 (W.D.N.Y. July 16, 2025) ("[Petitioner] does not challenge the statutory framework, nor does he challenge the wisdom of the discretionary decision to place him in expedited proceedings. Sections 1252(a)(2)(A) and 1252(e)(3) therefore do not bar this Court from considering his petition.").

Inadmissibility on one of these two grounds is a necessary but not sufficient condition for eligibility for expedited removal. Additionally, the noncitizen must either be (1) "arriving in the United States," or (2) "described in clause (iii)," referring to 8 U.S.C. § 1225(b)(1)(A)(iii). The second category refers to noncitizens who have been "designated by the Attorney General" *and* who meet the statutory criteria in the second paragraph below:

> (iii) Application to certain other aliens
>
> (I) In general
>
> The Attorney General may apply clauses (i) and (ii) of this subparagraph to any or all aliens described in subclause (II) as designated by the Attorney General. Such designation shall be in the sole and unreviewable discretion of the Attorney General and may be modified at any time.
>
> (II) Aliens described
>
> An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

*See* 8 U.S.C. § 1225(b)(1)(A)(iii). Thus, under the language of the statute, to be eligible for expedited removal, a noncitizen must *either* be a noncitizen "arriving in the United States" *or* must both fall within the statutory criteria of 8 U.S.C. § 1225(b)(1)(A)(iii)(II) and be designated by the Attorney General (or her designee) pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii)(I).

The statute further provides that where a noncitizen meeting the above requirements "indicates either an intention to apply for asylum … or a fear of persecution," that person shall be referred for an interview by an asylum officer under 8 U.S.C. § 1225(b)(1)(B). *See*

8 U.S.C. § 1225(b)(1)(A)(ii). "If the officer determines that an alien has a credible fear of persecution … the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). It is this last provision that, according to Respondents, is the statutory basis for Petitioner's mandatory detention here.

Petitioner argues that the mandatory detention provision does not apply to her because at the time of her re-arrest (1) she was not a noncitizen "arriving in the United States," having been released into the United States over eight months previously on conditional parole; and (2) she was not statutorily eligible to be designated for expedited removal, having been previously "admitted or paroled into the United States." *See* ECF Nos. 1 ¶¶ 121–23; 7 at 8.

In their return, Respondents did not argue that Petitioner was subject to mandatory detention as an arriving alien, nor did Respondents address whether Petitioner meets the statutory requirements for designation. *See* ECF No. 4. Respondents assert that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1)(B)(ii), but do not explain *how* she is subject to that detention. *See id.* at 18.

On October 3, 2025, the Court issued an order inviting supplemental briefing. ECF No. 5. The order stated, in part:

> [C]lause (iii) only applies to an alien "who has not been admitted or paroled into the United States." That is, if an alien has been admitted or paroled into the United States, it appears that the Attorney General does not have the authority to thereafter designate that alien for expedited removal pursuant to 1225(b)(1)(A)(iii).
>
> Some district courts hearing habeas proceedings have indicated that a noncitizen who is not an arriving alien and who is initially released on his or her own recognizance cannot thereafter be designated for expedited removal. *See Valencia Zapata v. Kaiser*, --- F. Supp. 3d ---, 2025 WL 2741654, at *9 n.4 (N.D. Cal. 2025) ("Because Petitioners were released on their own recognizance after their initial detention at the border, they are also ineligible for expedited removal proceedings as they have been 'paroled' within the meaning of section 1225(b)(1)."); *Aviles-Mena v. Kaiser*, No. 25-cv-06783-RFL, 2025 WL 2578215, at *4 (N.D. Cal. Sept. 5, 2025) ("The Court concurs with

> other courts that have found that section 1225(b)(1) 'does not authorize designation for expedited removal of any noncitizen who has, at any point in time, been paroled into the United States.'"); *Garcia v. Andrews*, No. 1:25-cv-1006 JLT SAB, 2025 WL 2420068, at *4-5, *9 (E.D. Cal. Aug. 21, 2025). *See also Coalition for Humane Immigrant Rights v. Noem*, --- F. Supp. 3d ---, 2025 WL 2192986, at *22 (D.D.C. 2025) (stating that Section 1225(b)(1)(A)(iii) "forbids the expedited removal of noncitizens who have been, at any point in time, paroled into the United States").
>
> In light of the foregoing, the Court provides the Parties the opportunity to address whether Petitioner's mandatory detention pursuant to Section 1225(b)(1)(B)(ii) is lawful, in light of the fact that over eight months prior to her re-arrest she was apparently released on conditional parole pursuant to Section 1226(a).

*Id.* at 3–4. On October 3, 2025, Respondents made a timely filing stating that they have no additional briefing to offer the Court at this time. ECF No. 6.

The Court concludes that Petitioner is not lawfully subject to detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). Respondents have not argued that Petitioner is subject to mandatory detention as an arriving alien. As of July 25, 2025, the date Petitioner was re-arrested and detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), she was not an arriving alien, having been released by DHS on her own recognizance over eight months before.

Nor have Respondents addressed whether or how Petitioner is statutorily eligible for designation under 8 U.S.C. § 1225(b)(1)(A)(iii)(II), a provision which can only apply to a noncitizen "who has not been admitted or paroled into the United States." This statutory language is not surplusage; as discussed above, paragraph (b)(1) of 8 U.S.C. § 1225—which includes the mandatory detention provision at issue—is entitled, "Inspection of aliens arriving in the United States and certain other aliens *who have not been admitted or paroled*." Here, Petitioner was released pursuant to 8 U.S.C. § 1226(a) on her own recognizance, a form of conditional parole, on October 29, 2024. ECF No. 1 ¶ 2. At her immigration court hearing over eight months later on July 15, 2025, she had previously been paroled, and thus did not qualify for mandatory detention under 8 U.S.C. §

1225(b)(1)(B)(ii), as set forth in the authorities cited in the Court's order permitting supplemental briefing, *supra*. For the above reasons, Petitioner has carried her burden to establish that her custody under 8 U.S.C. § 1225(b)(1)(B)(ii) is unlawful.

Prior to Petitioner's detention under 8 U.S.C. § 1225(b)(1)(B)(ii), questions of her release, bond, or detention were governed by 8 U.S.C. § 1226(a). *See* ECF Nos. 4 at 5–6; 7 at 6–7. Under that statute, DHS had released Petitioner on her own recognizance. This Court, having determined that Petitioner's continued detention under 8 U.S.C. § 1225(b)(1)(B)(ii) is unlawful, concludes that the question of her release, bond, or detention was and is properly governed by 8 U.S.C. § 1226(a).

### IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED** as set forth herein. Respondents shall release Petitioner forthwith subject to the terms and conditions of her previous release by DHS pursuant to 8 U.S.C. § 1226(a). To the extent the Petition seeks any relief not disclaimed by Petitioner or not addressed herein, such relief is denied. The Court **VACATES** the hearing date set for October 9, 2025.

**IT IS SO ORDERED.**

Dated: October 7, 2025

_____
Hon. Robert S. Huie
United States District Judge